

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JERALD H. ARNOLD, | ) | CASE NO. 07-80636-G3-11 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Application to Employ Attorney <u>Nunc Pro Tunc</u>" (Docket No. 95) filed by Debtor. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Jerald H. Arnold ("Debtor"), <u>pro se</u>, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 3, 2007.

On December 17, 2007, Reese Baker appeared on behalf of Debtor, and filed a motion to extend stay.[1] All motions filed by Debtor in the instant case have been signed by Baker.

---

[1] The instant case was Debtor's fourth case, and was filed within one year after dismissal of Debtor's third case, Case No. 07-80402-G3-13.

On December 20, 2007, the case was dismissed for deficiencies.

On December 29, 2007, Debtor moved for vacatur of the dismissal order.  The motion was granted by order entered January 2, 2008.

On February 1, 2008, Debtor moved to convert the instant case to Chapter 11.  The motion was granted by order entered February 7, 2008.

On April 22, 2008, Debtor filed the instant application.  Debtor seeks to employ Baker, effective February 7, 2008.  In the Rule 2016(b) statement accompanying the instant application, Baker states that Debtor paid him $3,500 on December 11, 2008, and $765 on January 22, 2008.  He states that he applied the amounts received from Debtor to fees from the Chapter 13 case.  Baker has filed no fee applications in the instant case.

### Conclusions of Law

In a Chapter 13 case, the debtor remains in possession of property of the bankruptcy estate.  11 U.S.C. § 1306(b).

A Chapter 13 debtor may generally employ bankruptcy counsel without filing an application to employ.  Allowance of fees to counsel in a Chapter 13 case is governed by Section 330(a)(4)(B) of the Bankruptcy Code.  Local Rule 2016(c) permits counsel to file either a fixed fee application or a lodestar

application for fees.

A Chapter 11 debtor in possession must seek approval of employment of counsel under Section 327 of the Bankruptcy Code, and must seek interim and final allowance of fees under Sections 330 and 331 of the Bankruptcy Code.

Under Section 327(a), only counsel who are disinterested may represent the Debtor.  An attorney is not disqualified from representing a Chapter 11 debtor in possession solely because of employment by or representation of the debtor before the commencement of the case.  11 U.S.C. § 1107(b).  Counsel who hold a prepetition claim are disqualified from representation of a debtor in possession.  See e.g. In re LKM Indus., Inc., 252 B.R. 589 (Bankr. D. Mass. 2000).

Conversion of the case does not effect a change in the date of commencement of the case.  11 U.S.C. § 348(a).

In the instant case, Baker's disclosure of compensation reflects that he received funds from Debtor, after the commencement of the case, and applied those funds to his fees, without application to the court pursuant to Section 330 of the Bankruptcy Code.  Baker must disgorge the fees received.  Baker may file an interim fee application, seeking allowance of fees incurred while the instant case was in Chapter 13.  Baker shall hold the disgorged funds in trust, pending this court's consideration of any fee application which may be filed.  Baker

3

does not have a prepetition claim, and thus is not disqualified from representation of Debtor.[2]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on May 27, 2008.

                                                  _____
                                                  LETITIA Z. CLARK
                                                  UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes, however, that the future determination of whether to grant final allowance of fees for services rendered during the Chapter 13 case may depend on the conduct of the case in Chapter 11.